# EXHIBIT A

219638169

STATE OF NEW YORK
SUPREME COURT, COUNTY OF NASSAU

---

CLYDE RAMPERSAD,

      Plaintiff,       COMPLAINT
                  Index No.:

-against-

EQUIFAX,

      Defendant.

---

TO THE ABOVE-NAMED DEFENDANT:

  Plaintiff, CLYDE RAMPERSAD, through his attorney, for his Complaint against Defendant alleges as follows:

  1.   Plaintiff is an individual who, for all relevant times applicable herein, has resided in the County of Nassau within the State of New York.

  2.   Upon information and belief, Defendant EQUIFAX (hereinafter "Defendant"), for all relevant times applicable herein, is a Georgia corporation with a place of business at 1550 Peachtree Parkway NE, Atlanta, Georgia and which conducts business in the State of New York.

  3.   Plaintiff brings this action for damages, declaratory relief, and injunctive relief arising from Defendant's violation(s) of: (i) §1681 *et seq. as amended,* of Title 15 of the United States Code ("U.S.C."), commonly referred to the Fair Credit Reporting Act ("FCRA").

  4.   Defendant is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d) to third parties.

**JURISDICTION**

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337 as well as 15 U.S.C. §1681p *et seq.* and 28 U.S.C. §2201.

6. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(2).

## FACTUAL ALLEGATIONS

8. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "7" herein with the same force and effect as if the same were set forth at length herein.

9. Plaintiff obtained a copy of his credit report dated September 19, 2024 and noticed several accounts reporting with inaccurate information.

10. Based on the information contained within Plaintiff's credit report, Plaintiff wrote a dispute letter to Defendant which was dated September 21, 2024 ("Plaintiff's dispute letter").

11. Plaintiff's dispute letter was sent to Defendant via certified mail on September 26, 2024.

12. Plaintiff's dispute letter indicated as follows:

Dear Equifax

The accounts below are reporting inaccurately and I need them investigated:

➢ TD BANK NA ACCT#: ......XXXXXXX

-THIS ACCOUNT HAS NEVER BEEN LATE YET REMARK SHOWS ONE LATENESS

➢ BANK OF AMERICA ACCT#: XXXXXXX

-THIS ACCOUNT WAS PAID IN FULL A FEW MONTHS BACK YET ITS REPORTING THAT THE LAST PAYMENT WAS MADE IN 08/2023 BUT SHOWS THAT THE FIRST MONTH OF LATE BEGAN IN OCTOBER 2023 AND IS NOW STILL CHARGE OFF WITH A $3506 BALANCE

➢ CAPITAL ONE ACCT#: .......XXXX

-THIS ACCOUNT WAS PAID IN FULL A FEW MONTHS BACK YET ITS REPORTING THAT THE LAST PAYMENT WAS MADE IN 05/2023 BUT SHOWS THAT THE FIRST MONTH OF LATE BEGAN IN APRIL OF 2023 AND IS NOW STILL CHARGE OFF WITH A $3337 BALANCE

➢ CITICARDS CBNA ACCT#: .....XXXX

-THIS IS SUCH AN OLD ACCOUNT THAT SHOULD NO LONGER BE REPORTING ON MY CREDIT REPORT AS IT IS PAST THE STATUTE OF LIMITATIONS; ACCORDINGLY REPORTING THAT LAST PAYMENT WAS 10/2018 YET I SEE THAT THE LAST DATE WAS ON FEBRUARY OF 2019

➢ CREDIT ONE BANK NA ACCT#: .....XXXXX

-I HAVE ALWAYS PAID THIS ACCOUNT ON TIME AND IN FULL; THERE SHOULD BE NO LATE REMARKS REPORTING

➢ SYNCB/ AMAZON#: ....XXXXXX

-THIS ACCOUNT WAS PAID IN FULL A FEW MONTHS BACK YET ITS REPORTING THAT THE LAST PAYMENT WAS MADE IN 02/2024 BUT SHOWS THAT THE FIRST MONTH OF LATE BEGAN IN MAY OF 2023 AND IS NOW STILL CHARGE OFF WITH A $551 BALANCE

➢ SYNCB/ PPC#: ....XXXXXX

-THIS ACCOUNT WAS PAID IN FULL A FEW MONTHS BACK YET ITS REPORTING THAT THE LAST PAYMENT WAS MADE IN 02/2024 BUT SHOWS THAT THE FIRST MONTH OF LATE BEGAN IN AUGUST OF 2023 AND IS NOW STILL CHARGE OFF WITH A $551 BALANCE

➢ BANK OF AMERICA ACCT#: ....XXXXXXX

-THIS ACCOUNT WAS ALWAYS ON AUTO PAY AND WAS ALWAYS PAID ON TIME YET REPORTING LATE REMARKS

13. Defendant responded with a letter dated October 1, 2024 which stated as follows:

We were unable to locate a credit file in our database with the identification information you provided.

14. However, Plaintiff provided his correct name, date of birth, social security number and address at the time that the dispute letter was sent to Defendant.

15. The Plaintiff's correct name, date of birth, social security number and address which was sent to Defendant is the same exact information Plaintiff used to obtain his credit report from the Defendant and that is associated with his credit file.

16. Plaintiff also provided Defendant with a copy of his driver's license at the time that the Plaintiff sent the dispute letter to Defendant.

17. As documented on the Plaintiff's credit report dated November 13, 2024, the Defendant failed to properly investigate all the disputed accounts, failed to properly respond, and failed to either delete or verify all the disputed tradelines within the 30 day requirement, thereby violating the Plaintiff's rights under the FCRA.

18. Moreover, Defendant further failed to mark the disputed accounts as disputed.

### FIRST CAUSE OF ACTION
### (Violations of the FCRA)

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. 15 U.S.C. §1681i (a) Reinvestigations of disputed information

(1) Reinvestigation required

(A) In general

> Subject to subsection (f) and except as provided in subsection (g), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

21. Defendant violated 15 U.S.C. §1681i(a) by: (i) failing to properly investigate the disputed account; (ii) failing to respond to Plaintiff within the required 30 day period; and (iii) failing to delete the account within the required 30 day period.

22. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff's credit report and credit files Defendant published and maintained.

23. Defendant violated Plaintiff's rights under 15 U.S.C. §1681e(b) by failing to update the credit report, delete and/or remove the disputed accounts as Plaintiff requested.

24. As a result of the Defendant's violation of 15 U.S.C. §1681e (b), Plaintiff suffered actual damage, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

25. The violation by Defendant of 15 U.S.C. §1681e (b) was willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

26. Defendant is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorney's fees pursuant to 15 U.S.C. §1681o.

27. Defendant prepared, compiled, issued assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. §1681i(a).

28. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

29. Defendant violated 15 U.S.C. §1681i(a) by failing to conduct a reasonable reinvestigation after receiving Plaintiff's dispute letters related to an Errant Trade line to determine whether the disputed information was inaccurate and record the current status of the disputed information by either updating or deleting the item from Plaintiff's credit files.

30. As a result of Defendant's violations of 15 U.S.C. §1681i (a), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

31. The violations by Defendant of 15 U.S.C. §1681i (a) were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

32. In the alternative, the violations by Defendant of 15 U.S.C. §1681(i) (a) constitute negligence, which thereby entitles Plaintiff to recovery pursuant to 15 U.S.C. §1681o.

33. As a result of Defendant's violations of 15 U.S.C. §1681i (a)(1)(A), Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress.

34. The violations by Defendant of 15 U.S.C. §1681i (a)(1)(A) were willful, rendering Defendant liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

35. In the alternative, Defendant's violations of 15 U.S.C. §1681 (a)(1)(A) constitute negligence, which thereby entitles Plaintiff to recovery under 15 U.S.C. §1681o.

36. Defendant violated 15 U.S.C. §1681i (a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

37. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney fees from the Defendant(s) in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o.

## DEMAND FOR TRIAL BY JURY

38. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in his Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, judgment is demanded against Defendant, in an amount that exceeds the jurisdictional limits of all lower courts together with costs and disbursements of this action, and such other and further relief as this Court may deem just and proper, including:

A. For statutory and actual damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

B. For punitive damages provided and pursuant to the FCRA, 15 U.S.C. §§1681 n (a)(1)(A), n (2), n (3); or, in the alternative, for damages pursuant to negligence under 15 U.S.C. §1681o (a) (1)(2);

C. A Declaration that Defendant's practices violated the FCRA;

D. An injunction mandating Defendant to remove and/or delete the disputed information from Plaintiff's credit report;

E. For attorneys' fees and costs provided and pursuant to 15 U.S.C. §1681n of the FCRA; and

F. For any such other and further relief, including, but not limited to prejudgment and post judgment interest at the prevailing rate, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: February 10, 2025

Respectfully submitted,

April Forbes, Esq.
April Forbes, P.C.
P.O. Box 865
Hudson, New York 12534
*Attorney(s) for the Plaintiff*

STATE OF NEW YORK
SUPREME COURT, COUNTY OF NASSAU

---

CLYDE RAMPERSAD,

      Plaintiff,      Index No.:

 -against-

EQUIFAX,

      Defendant.

---

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of these papers or the contentions therein are not frivolous as defined in subsection (c) of §130-1.1 of the Rules of the Chief Administrator (22NYCRR).


Dated: February 10, 2025

                  /s/ *April Forbes*
                  April Forbes, Esquire
                  Attorney for Plaintiff
                  April Forbes, P.C.
                  P.O. Box 865
                  Hudson, N.Y. 12534
                  (518) 249-5328 - Telephone
                  aforbes@esquirepc.org - Email

20250222D 944

3086

DOS 470 (Rev. 10/09)

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

Return Services Requested



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

USPS CERTIFIED MAIL

USPS CERTIFIED MAIL

9214 8969 005 7938 5515 36

202502270944
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
80 STATE STREET
ALBANY NY 12207, USA